Dear Chief Hopkins:
This office is in receipt of your opinion request in which you ask the following:
 Can an officer of a village, who is also commissioned as deputy for the parish in which he lives and works, write traffic citations outside the village jurisdiction where he is employed?
 If so, when a traffic stop is made outside the city limits, can the officer issue a traffic citation as a deputy sheriff and try defendant in Mayor's Court rather than District Court?
You state that an officer of the Village of Mer Rouge also serves as Deputy Sheriff for the Parish of Morehouse. We assume for purposes of this opinion that at least one of those positions is part-time. If both positions were to be considered full-time there may be legal ramifications under the dual office holding provisions found in R.S. 42:61 et seq. Regarding this officer's ability to write traffic citations, note that his position as officer for the Village of Mer Rouge is separate and apart from his position as Deputy Sheriff for the Parish of Morehouse.
As the Village of Mer Rouge is a Lawrason Act Municipality, its Board of Alderman may enact ordinances and enforce the same by fines not to exceed $500.00 or imprisonment not exceeding 60 days or both in accordance with R.S. 33:362. The jurisdiction of the Board of Alderman in enacting these ordinances coincides with the jurisdiction and boundary of the Village of Mer Rouge. Thus, when the officer is outside of the Village of Mer Rouge jurisdiction, he may not write traffic citations pursuant to Ordinances of the Village of Mer Rouge. However, as deputy sheriff of the Parish of Morehouse, he may write traffic citations under state or parish ordinances anywhere within his jurisdiction as deputy sheriff.
When a traffic stop is made outside of the limits of the Village of Mer Rouge and the officer issues a traffic citation as deputy sheriff, that traffic citation must be returnable to the District Court rather than to the Mayor's Court for the Village of Mer Rouge. Just as the jurisdiction of the Alderman in enacting village ordinances coincides with the boundaries of the village, the jurisdiction of the Mayors Court for the Village of Mer Rouge also coincides with the boundaries of the village. Thus, any citations issued outside of the limits of the Village of Mer Rouge must be written pursuant to parish or state ordinance and must be returnable to the District Court.
We hope the foregoing has sufficiently addressed your concerns. If our office can be of further service, please do not hesitate to contact us at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: J. RICHARD WILLIAMS
Assistant Attorney General
RPI/JRW:crt